IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-09-040-D |
| | ) | |
| JUSTIN MARK ISCH and GAVIN DOUGLAS LITTLEJOHN, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Motion to Dismiss Indictment [Doc. No. 32] filed by Defendant Justin Mark Isch. Defendant Gavin Douglas Littlejohn has joined in the Motion. Also before the Court is Defendant Isch's Motion for a Bill of Particulars [Doc. No. 37]. The government has timely responded to these motions.

I. Background:

Defendants are charged in a one-count Indictment which alleges that the defendants, acting under color of law, deprived Christopher Beckman ("Beckman") of his Fourteenth Amendment rights without due process of law by causing him bodily injury which resulted in his death, in violation of 18 U. S. C. § 242. Defendants argue that the Indictment should be dismissed because 1) it fails to comport with the Sixth Amendment right to notice; 2) it fails to state all elements of the offense charged; and 3) it is duplicitous. Defendant Isch also seeks a bill of particulars, arguing that the Indictment provides insufficient factual detail to allow him to adequately defend the charges.

The Indictment alleges that Defendants were employed as correctional officers at the Oklahoma County Detention Center ("OCDC"), a facility operated and controlled by the Oklahoma County government and charged with the custody, control, care and safety of individuals convicted

of criminal activity or awaiting trial on criminal charges. According to the Indictment, Beckman was arrested on May 23, 2007 and placed in OCDC custody. On May 26, 2007, OCDC employees responded to a reported medical incident involving Beckman; he was restrained and handcuffed, and was transported from his cell on the OCDC second floor to the clinic on the thirteenth floor. Defendant Isch allegedly escorted Beckman to the clinic and, while doing so, "used Beckman's head to open a steel door on the second floor of the OCDC outside the 2B pod." Indictment, ¶ 5. The Indictment further alleges that, after Beckman's arrival on the thirteenth floor, Defendant Littlejohn "repeatedly struck" him "about the head and face." *Id.* at ¶ 6.

The Indictment charges Defendants, who were OCDC employees at the time, with assaulting and battering Beckman, thereby willfully depriving him of the right not to be deprived of liberty without due process of law, which includes the right to be free from the use of excessive force. It further charges that Defendants did so while acting under color of state law, and that their conduct resulted in bodily injury and the death of Beckman.

II. Application:

A. Motion to Dismiss:

    1. Failure to provide notice and allege essential elements:

Defendants first argue that the Indictment is deficient because it fails to inform the defendants of the charges against which they must defend and thus violates the Sixth Amendment. Pursuant to the Sixth Amendment, an accused has the right "to be informed of the nature and cause of the accusation." U.S. Const. amend. VI. An indictment meets this requirement if it "sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v.*

*Barrett*, 496 F. 3d 1079, 1092 (10th Cir. 2007), *cert. denied,* 128 S.Ct. 1646 (2008); *see also Russell v. United States*, 369 U.S. 749, 763-64 (1962). An indictment is sufficient if it "'contains words of similar import to the element in question.'" *United States v. Bedford*, 536 F. 3d 1148, 1156 (10th Cir. 2008)(quoting *United States v. Dashney*, 117 F. 3d 1197, 1205 (10th Cir. 1997)).

In this case, Defendants are charged with a violation of 18 U. S. C. § 242, which prohibits the deprivation of civil rights under color of law. The elements of § 242 are: 1) the defendant acted under color of law; 2) he acted willfully; 3) the victim was in a state, territory or possession of the United States; and 4) the defendant deprived the victim of a constitutional right. Additional elements which impact the punishment which may be imposed are: 1) the deprivation of rights resulted in bodily injury, or the deprivation involved the use of dangerous weapons, explosives, or fire; and/or 2) the deprivation resulted in death, kidnaping, or sexual abuse.

The Indictment alleges that the defendants acted under color of law in their capacities as employees of Oklahoma County; it further alleges that they "willfully deprived" Beckman of his constitutional right to due process of law, which includes the right to be free from "the use of excessive force." Indictment, ¶¶ 1, 2, 7. It further alleges that the defendants' conduct occurred in Oklahoma.

The Court concludes that the Indictment alleges the essential elements of the crime charged. It further specifies the date of the conduct at issue, and describes the defendants' conduct which is alleged to have constituted the crime charged. Indictment, ¶¶ 3-6. It adds the elements of bodily injury and death. *Id.* at ¶ 7. Defendants do not suggest that the language of the Indictment is insufficiently specific to allow them to later assert a double jeopardy challenge. Accordingly, to the extent that Defendants' motion seeks dismissal on Sixth Amendment grounds, it is DENIED.

2. Duplicity:

Defendants also seek dismissal of the Indictment on the grounds that it is duplicitous. "Duplicity is the joining of two or more offenses in one count, thus creating the possibility that the jury could convict without agreeing unanimously on guilt for the same offense." *United States v. Greene*, 239 F. App'x 431, 438 (10th Cir. Aug. 16, 2007) (unpublished) (citing *United States v. Haddock*, 956 F.2d 1534, 1546 (10th Cir.), *cert. denied*, 506 U.S. 964 (1992)). Although an indictment may be subject to dismissal if the allegations are found to be duplicitous, dismissal is not mandatory because the issue may be cured by a jury instruction. *United States v. Lefebvre*, 189 F. App'x 767, 772-73 (10th Cir. 2006) (unpublished) (citing *United States v. Trammell*, 133 F. 3d 1343, 1354-55 and n. 2 (10th Cir. 1998)).

Defendants contend that the Indictment is duplicitous because it alleges two separate incidents which caused bodily injury and death. Defendants point to the Paragraph 5 allegation that Defendant Isch "used Beckman's head to open a steel door on the second floor of the OCDC," and the Paragraph 6 allegation that, "[a]fter Beckman's arrival in the thirteenth floor small clinic, Defendant Littlejohn repeatedly struck Christopher Beckman about the head and face." According to Defendants' argument, these allegations comprise two separate incidents, and a jury could theoretically convict one defendant for the conduct of the other.

As the government argues in its response, the Tenth Circuit holds that an indictment charged in the conjunctive avoids any duplicity issue. *LeFebvre*, 189 F. App'x at 772; *Kitchens v. United States*, 272 F.2d 760-61 (10th Cir. 1959). Indictments may charge crimes in the conjunctive even if the statute under which the charge is brought is worded in the disjunctive. *United States v. Gunter*, 546 F.2d 861, 868-69 (10th Cir. 1976). In this case, as the government notes, the conduct

of Isch and Littlejohn is charged in the conjunctive, as the conduct of each is alleged to have caused bodily injury to Beckman, resulting in his death. The defendants are charged with an ongoing assault in which both their actions caused bodily injury and, ultimately, death. It is the government's contention that the actions of both defendants contributed to Beckman's death and that the evidence will not indicate which blow was fatal.

The Court agrees that the Indictment is not subject to dismissal for duplicity. The defendants are charged with conduct violating § 242 which, although allegedly committed separately, caused bodily injury and death. As the government suggests, if Defendants believe a special jury instruction is necessary to insure that the jury fully understands its responsibility, the Court will consider such an instruction at the appropriate time. *See United States v. Weller*, 238 F. 3d 1215, 1220 (10th Cir. 2001). To the extent Defendants seek dismissal on duplicity grounds, their motion [Doc. No. 32] is DENIED.

B. Bill of Particulars:

Defendant Isch has also moved for a bill of particulars [Doc. No. 37]. The government argues that a bill of particulars is not necessary.

The purpose of a bill of particulars is to inform the defendant of the charges against him with sufficient precision to permit him to prepare for trial and to avoid or minimize the danger of surprise at the time of trial. *United States v. Levine*, 983 F.2d 165, 166 (10th Cir. 1992). The defendant is not entitled to notice of all evidence that the government may have, but only the theory of the government's case. *United States v. Dunn*, 841 F.2d 1026, 1030 (10th Cir. 1988). A bill of particulars is appropriate only to clarify an indictment that does not sufficiently plead the elements of an offense or is so unclear that it prevents a defendant from adequately preparing a defense.

Thus, a bill of particulars "is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *United States v. Ivy*, 83 F.2d 1266, 1281 (10th Cir. 1996). Furthermore, a bill of particulars is not a discovery device, and it should not be utilized to require pretrial disclosure of the factual proof planned at trial. *Dunn*, 841 F.2d at 1029. The decision to grant or deny a motion for a bill of particulars is discretionary. *Levine*, 983 F.2d at 166-67.

In this case, the Court has concluded that the Indictment includes the essential elements of the alleged § 242 violation and provides Defendants with adequate information to allow them to prepare for trial. Defendant Isch argues, however, that the Indictment is unclear with respect to the allegations of bodily injury and death and that he is unable to determine whether he is alleged to have caused bodily injury or death.

As discussed above in connection with Defendants' duplicity argument, the Indictment may allege conduct in the conjunctive, and a verdict stands if the evidence is sufficient with respect to any one of the acts charged. *Weller*, 238 F. 3d at 1220 (citing *United States v. Fredette*, 315 F. 3d 1235, 1243 (10th Cir. 2003)). The charges of bodily injury and death are not essential elements of a § 242 claim. The Tenth Circuit has held that the statute sets forth categories of violations, "each with a different maximum punishment." *United States v. Holly*, 488 F. 3d 1298, 1301 (10th Cir. 2007). Bodily injury and death represent two of these categories; a finding that the deprivation of civil rights resulted in bodily injury subjects a defendant to a term of imprisonment of not more than ten years, while a finding that the deprivation resulted in death subjects him to imprisonment for "any term of years or for life," or a death sentence. 18 U. S. C. § 242. To subject a defendant to the penalty applicable to bodily injury, the government must plead and prove that bodily injury

6

resulted; to subject a defendant to a maximum term of life imprisonment or death, it must plead and prove that death resulted from the defendant's conduct. *See United States v. Williams*, 343 F. 3d 423, 432-33 (5th Cir. 2003). The statute does not, however, require the government to disclose in the Indictment each evidentiary fact on which these allegations are based, and Defendant does not present authority holding that a bill of particulars is required in circumstances as presented here.

The Court concludes that the Indictment adequately informs the Defendants of the charges against them and is sufficient to allow them to prepare a defense. A bill of particulars is not required. Accordingly, Defendant Isch's motion [Doc. No. 37] is DENIED.

III. Conclusion:

For the foregoing reasons, Defendants' Motion to Dismiss [Doc. No. 32] and Defendant Isch's Motion for a Bill of Particulars [Doc. No. 37] are DENIED.

IT IS SO ORDERED this  3rd   day of August, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE