# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-09-040-D |
| | ) | |
| JUSTIN MARK ISCH and GAVIN DOUGLAS LITTLEJOHN, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Motion for Severance due to Misjoinder and Prejudicial Joinder [Doc. No. 34] filed by Defendant Justin Mark Isch ("Isch"). Defendant Gavin Douglas Littlejohn ("Littlejohn") has filed a separate Motion for Severance [Doc. No. 35], incorporating a request for an *in camera* presentation of certain information to be raised by Littlejohn at trial. The government has responded to the motions. Because the motions assert the same legal arguments, both are addressed herein.

I. Background:

Defendants are charged in a one-count Indictment with violating 18 U. S. C. §242 as a result of their alleged assault and battery of Christopher Beckman ("Beckman"), resulting in severe bodily injury and the death of Beckman. The alleged conduct occurred at the Oklahoma County Detention Center ("OCDC"), where Beckman was in custody awaiting criminal trial. Defendants were corrections officers employed at the OCDC at the time of the alleged assault and battery. According to the Indictment, Beckman was arrested on May 23, 2007 and placed in OCDC custody. On May 26, 2007, OCDC employees responded to a reported medical incident involving Beckman; he was restrained and handcuffed, and was transported from his cell on the OCDC second floor to the clinic

on the thirteenth floor. Defendant Isch allegedly escorted Beckman and, while doing so, "used Beckman's head to open a steel door on the second floor of the OCDC outside the 2B pod." Indictment, ¶ 5. The Indictment further alleges that, after Beckman's arrival on the thirteenth floor, Defendant Littlejohn "repeatedly struck" him "about the head and face." *Id.* at ¶ 6. The Indictment alleges that Defendants acted willfully, and that their actions under color of law violated Beckman's right not to be deprived of liberty without due process of law, which includes the right to be free from the use of excessive force. Indictment, ¶ 7.

Each Defendant has moved for a severance, arguing that they were improperly joined in the Indictment. Each also argues that, even if they are properly joined, their trials should be severed because joinder is prejudicial to them.

II. Application:

A. Propriety of Joinder:

Defendants argue that their joinder is improper pursuant to Fed. R. Crim. P. 8(b), which authorizes joinder of criminal defendants if "they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). They contend that the Indictment charges two separate incidents: one in which Isch allegedly "used Beckman's head" to open a steel door on the OCDC second floor, and a second incident in which Littlejohn allegedly "repeatedly struck" Beckman "about the head and face." Indictment, ¶¶ 5 and 6. Defendants argue that there is no allegation that they conspired with one another or aided and abetted one another. Defendants contend the Indictment does not allege their participation in the same act or series of acts constituting an offense.

The government responds by noting the Indictment alleges that the two assaults on Beckman

occurred during a short time period and while he was being transported to the OCDC clinic and/or after his arrival there. The government characterizes the allegations as charging that the two defendants engaged in a series of events which collectively constituted the charged offense.

As the government argues, Tenth Circuit precedent broadly interprets Rule 8, and has held that "[t]he test for proper joinder is a common thread to each of the defendants, which may be established by common evidence as to various counts." *United States v. Caldwell*, 560 F. 3d 1202, 1212 (10th Cir. 2009) (citing *United States v. Rogers*, 921 F.2d 975, 984 (10th Cir. 1990)). Here, the government argues, the evidence will show that Beckman's death was due to blunt force trauma, and the actions of both Defendants contributed to his death. The government further argues that, as charged in the Indictment, Defendants' actions occurred over a relatively short period of time, and the evidence will show the repeated trauma resulted in Beckman's death.

The Court concludes that, contrary to Defendants' assertions, the Indictment charges them with conduct involving a "series of acts" constituting an offense or offenses, as required by Rule 8(b). As suggested by the government, the allegations are sufficient to allow evidence to show a "common thread" to each Defendant.

Furthermore, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials 'play a vital role in the criminal justice system.'" *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (quoting *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)); *Caldwell*, 560 F. 3d at 1212 . Joint trials "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Zafiro*, 506 U.S. at 537 (quoting *Richardson*, 481 U.S. at 210). "For these reasons, we repeatedly have approved of joint trials." *Id.*

The Court concludes that the Indictment satisfies the requirements of Fed. R. Crim. P. 8(b),

and the defendants are not improperly joined for trial. To the extent their motions argue to the contrary, the motions [Doc. Nos. 34 and 35] are denied.

B. Prejudicial Joinder:

Defendants also argue that, even if they are properly joined pursuant to Rule 8(b), they should be granted separate trials because their joinder is prejudicial. Pursuant to Fed. R. Crim. P. 14, a court may grant a severance upon a determination that joinder of defendants would prejudice a defendant's right to a fair trial. According to the Rule, if "the joinder of offenses or defendants in an indictment...or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Prejudicial joinder exists where "an individual's right to a fair trial is either threatened or actually deprived." *United States v. Sturmoski*, 971 F.2d 452, 460 (10th Cir. 1993).

Defendants contend that their joinder is prejudicial because they will assert mutually antagonistic defenses. According to Isch, he will argue that his conduct involving the steel door while he was escorting Beckman to the clinic was unintentional; he will also argue that Beckman's shoulder or chest, and not his head, hit the door. He will thus contend that any bodily injury had to have been caused by Littlejohn's subsequent actions. Similarly, Littlejohn states that he will present evidence conflicting with Isch's version of the events involving Beckman. He also contends that certain statements made by Isch which might not be admissible against Isch will be admissible as to Littlejohn, and are exculpatory.[1]

Where defendants assert mutually antagonistic defenses, severance may be warranted;

---

[1] As discussed herein, Littlejohn seeks to address this evidence in an *ex parte* hearing before the Court.

however, mutually antagonistic defenses are not *per se* prejudicial and do not require severance as a matter of law. *Zafiro*, 506 U.S. at 538-39. Where defendants have been properly joined for trial, the court should grant a severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539; *United States v. Jones*, 530 F. 3d 1292, 1302, (10th Cir. 2008).

Where defendants seek severance based on mutually antagonistic defenses, the trial court applies a three-pronged test to determine if joinder is prejudicial: 1) whether the two defenses are so antagonistic that they are mutually exclusive; 2) whether there is a serious risk that a joint trial would compromise a specific trial right or prevent the jury from making a reliable judgment; and 3) if the first two factors are present, the court must weigh the prejudice resulting from joinder against the "obviously important considerations of economy and expedition in judicial administration." *Jones*, 530 F. 3d at 1304(citing *United States v. Pursely*, 474 F. 3d 757, 765 (10th Cir. 2007)). Whether to grant a severance is within the court's discretion. *Pursely*, 474 F. 3d at 765.

With respect to the first prong, severance is not warranted "merely because defense theories conflict or because one defendant is attempting to cast blame on the other." *United States v. Dirden*, 38 F. 3d 1131, 1141 (10th Cir. 1994). Mutually exclusive defenses exist when "the jury could not believe the core of one defense without discounting entirely the core of the other." *Fox v. Ward*, 200 F. 3d 1286, 1293 (10th Cir. 2000) (citing *Dirden*, 38 F. 3d at 1141); *United States v. Linn,* 31 F. 3d 987, 992 (10th Cir. 1994). The defendant must show that "the conflict is so prejudicial that defenses are irreconcilable, and the jury will justifiably infer that this conflict alone demonstrates that both are guilty." *United States v. Davis*, 623 F.2d 188, 194-95 (5th Cir. 1980); *United States v. Haldemann*, 559 F.2d 31, 71 (D. C. Cir. 1976), *cert. denied*, 431 U.S. 933 (1977). Alternatively,

the defendant may show that antagonism will mislead or confuse the jury, *United States v. Kendricks*, 623 F.2d 1165, 1168 (6th Cir. 1980), or that the jury's acceptance of one defendant's defense will necessarily call for the conviction of the co-defendant. *United States v. Angwin*, 271 F. 3d 786, 795 (9th Cir. 2001), *overruled on other grounds*, *United States v. Lopez*, 484 F. 3d 1186 (9th Cir. 2007).

Defendants' characterization of their anticipated defenses does not satisfy these requirements. Each indicates that he will present evidence that his own conduct could not have been serious enough to have caused Beckman severe bodily injury or death. Isch suggests the evidence will show that his conduct did not result in Beckman's death; he suggests that the conduct of Littlejohn and "others not charged in the indictment" could have caused Beckman's death. Similarly, Littlejohn argues that his conduct could not have resulted in the death of Beckman.

The fact that each Defendant contends the evidence will show that the co-defendant is at fault is not sufficient to constitute a mutually antagonistic defense. *Dirden*, 38 F. 3d at 1141. Furthermore, if there is evidence that other unindicted individuals engaged in conduct that could have caused severe bodily injury or death, as Isch suggests, that evidence could not be mutually antagonistic because it could benefit both defendants. Defendants' descriptions of their anticipated defenses precludes a conclusion that they are mutually antagonistic.

Even if mutually antagonistic defenses were found to exist, the Court must also consider whether a joint trial "would compromise a specific trial right...or prevent the jury from making a reliable judgment about guilt or innocence." *Jones*, 530 F3d at 1304. A "mere allegation that defendant would have a better chance of acquittal in a separate trial" is not sufficient to satisfy this

6

factor; nor is the requirement satisfied where a defendant claims prejudice resulting from the 'spillover effect' of evidence more damaging to the co-defendant than to the moving defendant.[2] *Id.*

"[A] criminal defendant has no constitutional right to severance unless there is a strong showing of prejudice caused by the joint trial." *Arbuckle v. Dorsey*, 1999 WL 672274, at *3 (10th Cir. Aug. 30, 1999) (citing *Cummings v. Evans*, 161 F. 3d 610, 619 (10th Cir. 1998), *cert. denied*, 526 U.S. 1052 (1999)). Defendants must show "prejudice so severe that they were denied their right to a fair trial." *Spears v. Mullin*, 343 F. 3d 1215, 1235 (10th Cir. 2003). Misjoinder rises "to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial." *United States v. Lane*, 474 U.S. 438, 446 n. 8 (1986).

In this case, Defendants have not articulated a specific jury trial right which is threatened by their joinder. In their respective motions, they do not identify a right which will be infringed if they are tried together. Although Littlejohn states that he believes Isch may have made statements which could not be admitted against Isch, but would be admissible as to Littlejohn, his contention is speculative; the Court cannot determine at this time whether such statements exist and, if so, the impact they could have on the propriety of a joint trial.

Because Defendants have not met their burden of showing prejudicial joinder, the Court concludes that any prejudice that could potentially result from a joint trial is outweighed by the need for expeditious judicial administration. Thus, the third factor in the Rule 14 analysis weighs against them.

In further support of his motion to sever, Littlejohn requests an opportunity to submit an

---

[2]The court in *Jones* also noted that any potential prejudice resulting from "spillover" evidence was cured by a jury instruction which directed the jurors to consider each defendant separately. 530 F. 3d at 863.

explanation of his defense in an *ex parte* manner. As the government argues in response, his request is not supported by Fed. R. Crim. P. 14(b). The Rule provides that, before ruling on a motion to sever, the Court "may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence." Fed. R. Crim. P. 14(b). The rule does not authorize a court to examine or consider a defendant's anticipated evidence in a pretrial setting. Nor does the decision in *United States v. Linn*, 31 F. 3d 987 (10th Cir. 1994) support the request. Accordingly, the request is denied.

III. Conclusion:

For the reasons set forth herein, Defendants' Motions [Doc. Nos. 34 and 35] are DENIED to the extent that they argue they are improperly joined as defendants in this case. Having considered Defendants' arguments in light of the required analysis, the Court also concludes that Defendants have failed to show that a joint trial would be sufficiently prejudicial to them so as to require severance. To the extent their motions to sever are based on that contention, their motions [Doc. Nos. 34 and 35] are DENIED.

IT IS SO ORDERED this __3rd__ day of August, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE