**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-09-040-D |
| | ) | |
| JUSTIN MARK ISCH and GAVIN | ) | |
| DOUGLAS LITTLEJOHN, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is the Motion of Defendant Justin Mark Isch to Dismiss the Indictment Based on Prosecutorial Misconduct [Doc. No. 38]. Defendant contends that government counsel violated his Fifth and Sixth Amendment rights by causing Defendant's supervisor to secretly record conversations with Defendant. Defendant contends that government counsel did so without notification to his counsel, who had been retained at the time. The government has timely responded to the Motion, arguing that no constitutional rights violation occurred and that government counsel's conduct did not violate any ethical obligations.

I. Background:

Defendant and Gavin Douglas Littlejohn are charged in a one-count Indictment with violating 18 U. S. C. §242 as a result of their alleged assault and battery of Christopher Beckman ("Beckman"); the defendants' conduct allegedly resulted in severe bodily injury and the death of Beckman. The alleged conduct occurred at the Oklahoma County Detention Center ("OCDC"), where Beckman was in custody awaiting criminal trial. The defendants were corrections officers employed at the OCDC at the time of the alleged assault and battery.

The facts pertinent to the instant motion are not in dispute. Defendant Isch argues that, on

November 10, 2008, he was notified by the United States Attorney that he was a target of a grand jury investigation concerning Beckman's death. The notice also informed him of his right to counsel, and advised him to have his lawyer contact Assistant United States Attorney Susan Dickerson Cox. Defendant states that he retained counsel and that his counsel telephoned Ms. Cox on November 19, 2008 to advise her of his legal representation; Defendant also states that his counsel memorialized the telephone conversation in a letter the following day. The letter, submitted as Defendant's Exhibit B, directs the government counsel to communicate with Defendant through his retained counsel.

Defendant contends his counsel later learned that, while the investigation was ongoing and after Defendant retained counsel, the government recorded conversations between Defendant and his OCDC supervisor, Sergeant Roy. According to Defendant, his supervisor was acting as an agent for the government in this regard. Defendant argues that three conversations were recorded after his retained counsel notified government counsel of his legal representation. Defendant argues that the recordings by Defendant's supervisor constitute prosecutorial misconduct and violate his Fifth Amendment right against self-incrimination and his Sixth Amendment right to counsel. As a sanction for the alleged misconduct, he seeks dismissal of the Indictment. The government concedes that the conversations were recorded in November and December of 2008; however, it denies that any constitutional rights violation or ethical misconduct occurred.

II. Application:

Defendant argues that the recordings of his conversations violated his Fifth Amendment right against self-incrimination because they constitute a custodial interrogation during which he had the right to the presence of his counsel. As Defendant notes, a custodial interrogation is defined as

"questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Defendant does not dispute that the recordings were made in November and December of 2008. Defendant offers no evidence suggesting that he was in custody at the time the conversations were recorded. In fact, the record establishes that, although he was under investigation at the time the conversations were recorded, he was not indicted until February 2, 2009. The record further establishes that an arrest warrant was returned on February 4, 2009 [Doc. No. 12]; it reflects that he was arrested on February 2, 2009. Defendant does not argue that his freedom of action was restricted in any significant manner in November or December of 2008. Accordingly, the recordings cannot constitute a "custodial interrogation," and Defendant's *Miranda* argument must be rejected. Furthermore, the Sixth Amendment right to counsel is not implicated in these circumstances. The right to counsel does not attach until "after the initiation of formal charges." *Moran v. Burbine*. 475 U.S. 412, 431 (1986); *United States v. Mitcheltree*, 940 F.2d 1329, 1339 (10th Cir. 1991). In this case, the recording of the conversations at issue occurred prior to the initiation of formal charges against Defendant. The recordings did not violate Defendant's Sixth Amendment right to counsel.

As the government argues, the prosecutor's conduct was also consistent with her ethical obligations. Rule 4.2 of the Oklahoma Rules of Professional Conduct states that "a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." Oklahoma Rules of Professional Conduct R. 4.2 (2008). The Oklahoma rule is identical to ABA Model Rules of Professional Conduct, Rule 4.2.

Circuit courts have been somewhat divided in their application of the rule to criminal investigations. *See United States v. Ryans*, 903 F.2d 731, 734-35 (10th Cir. 1990), *cert. denied*, 498 U.S. 855 (1990). However, the Tenth Circuit has held that the rule does not apply to communications during an undercover investigation unless the suspect has been indicted. *Ryans*, 903 F.2d at 736. According to the Circuit, "[w]e agree with the majority of courts which have considered the question that [ethics rules were] not intended to preclude undercover investigations of un-indicted suspects merely because they have retained counsel." *Id.* at 739. The ethics rules generally "do not attach during the investigative process before the initiation of criminal proceedings." *Ryans*, 903 F.2d at 740.

*Ryans* involved circumstances similar to those at issue in this case. The Circuit considered whether Disciplinary Rule 7-104(A)((1)[1] applied to recorded telephone conversations between an informer and an unindicted suspect who had retained counsel. According to the Circuit, the ethics rule was inapplicable because the suspect in *Ryans* was merely under investigation and had not been formally "charged, arrested or indicted." *Id.* In reaching that conclusion, the Circuit distinguished those facts from the circumstances involved in *United States v. Thomas*, 484 F.2d 110 (10th Cir.1973), in which a prosecutor interviewed a suspect who was in custody and had been served with a criminal complaint; in those circumstances, the ethics rule precluded the communication without the presence of the suspect's retained counsel. *Ryans*, 903 F.2d at 736-37. Because the suspect in *Ryans* had not been arrested or indicted, the recorded conversations at issue did not violate the ethics rule. *Id.*

In this case, Defendant Isch was under investigation and had retained counsel at the time of

---

[1]*Ryans* applies the text of Disciplinary Rule 7-104(A)(1) of the Model Code of Professional Responsibility, which is the predecessor to Rule 4.2. However, the text of the two rules regarding a lawyer's communications with parties through counsel is identical, and the Tenth Circuit application has not changed since the adoption of Rule 4.2.

the recorded conversations. However, he had not yet been indicted, and was not in custody at the time the recordings were made. Accordingly, the prosecutor did not violate Rule 4.2 in connection with the recorded conversations.

III. Conclusion:

For the foregoing reasons, the Court concludes that there was no violation of Defendant's Fifth or Sixth Amendment rights in connection with the challenged recorded conversations, and there was no prosecutorial misconduct. Accordingly, the Motion to Dismiss [Doc. No. 38] is DENIED.

IT IS SO ORDERED this _3rd___ day of August, 2009.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE