# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-09-040-D |
| | ) | |
| JUSTIN MARK ISCH and GAVIN DOUGLAS LITTLEJOHN, | ) ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is the government's Motion in Limine [Doc. No. 92] seeking to exclude at trial evidence of, or reference to, the sentences which could be imposed if the defendants are convicted of the offenses charged in this case. The deadline for responding to the Motion has expired,[1] and Defendants have not filed objections. Accordingly, the Court may deem the Motion confessed. *See* LCvR 7.1(g).[2]

In any event, the Court finds that the Motion should be granted. As the government correctly argues in its brief, references to potential punishment are improper because the jury is not to consider potential sentences in a proceeding in which jurors have no role in sentencing. *See Shannon v. United States*, 512 U.S. 573, 579 (1994); *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991). Accordingly, evidence regarding possible sentences that could be imposed is irrelevant to any issues properly within the province of the jury.

---

[1]The original response deadline was October 30, 2009; Defendant Isch requested, and was granted, an extension of that deadline until November 5, 2009.

[2]Pursuant to LCrR 1.3, the Local Civil Rules are applicable to criminal practice.

The Motion [Doc. No. 92] is GRANTED. The parties are directed to refrain from commenting or referencing the potential sentences that could be imposed in the event the defendants are convicted of the charged offenses.

IT IS SO ORDERED this 30th day of November, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE