# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-09-040-D |
| | ) | |
| JUSTIN MARK ISCH and GAVIN DOUGLAS LITTLEJOHN, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Douglas Littlejohn's Motion in Limine [Doc. No. 88], seeking to exclude at trial evidence of, or reference to, the fact that he was arrested and charged with kidnaping in 2002. Defendant also includes in his motion an argument regarding his obligation, or absence thereof, to disclose rebuttal evidence in advance of trial. In addition, Defendant includes a notice of his intent to elicit certain testimony from Williams Holmes regarding statements made by the decedent, Christopher Beckman.

The deadline for responding to the Motion has expired;[1] the government and Defendant Isch have not filed objections. Accordingly, the Court may deem the Motion confessed. *See* LCvR 7.1(g).[2] The Court has determined, however, that the merits of the Motion should be considered.

With respect to evidence of the 2002 kidnaping allegation, Defendant states that charges were filed in the District Court of Oklahoma County in Case No. CF-2002-4566. However, he further states that, approximately two months later, the case was dismissed, and the charges were

---

[1]The original response deadline was October 30, 2009; Defendant Isch requested, and was granted, an extension of that deadline until November 5, 2009.

[2]Pursuant to LCrR 1.3, the Local Civil Rules are applicable to criminal practice.

never re-filed.  The government and Defendant Isch do not dispute the accuracy of that representation.  Accordingly, the Court agrees that evidence of the dismissed 2002 kidnaping charge is inadmissible according to Federal Rules of Evidence 404(b) and 609, unless matters presented at trial make the challenged evidence relevant and admissible for some proper purpose.  Subject to this limitation, Defendant's motion is granted, and the parties are directed not to mention or refer to the 2002 kidnaping arrest or charge in opening statements, presentation of testimony, or other stages of the trial of this matter.

With respect to Defendant Littlejohn's argument regarding his obligation to disclose rebuttal evidence, it is unclear what scope Defendant attaches to "rebuttal evidence."  Rule 16 makes clear that a defendant has a reciprocal duty to disclose certain evidence intended for use during the defendant's case-in-chief.  Fed. R. Crim. P. 16(b).  Normally, the party with the burden of proof is entitled to submit rebuttal evidence and argument.  *See, e.g.,* Tenth Circuit Pattern Jury Instructions, Criminal, 1.01; Fed. R. Crim. P. 29.1.  However, the trial court has broad discretion regarding the mode and order of the presentation of evidence.  Fed. R. Evid.  611.  This discretion extends to the rebuttal or sur-rebuttal stages of trial.  *See, e.g., United States v. Rizvanovic*, 572 F. 3d 1152, 1155 (10th Cir. 2009); *United States v. Caraway*, 411 F. 3d 679, 683 (6th Cir. 2005); *United States v. O'Brien*, 119 F. 3d 523, 530 (7th Cir. 1997).  Rebuttal and sur-rebuttal stages are ordinarily confined to a party's attempts to refute evidence presented by his opponent in the preceding stage.  *United States v. Gaines*, 170 F. 3d 72, 83 (1st Cir. 1999).  The trial court has discretion to exclude evidence that a party should have offered at an earlier stage of trial.  *O'Brien*, 119 F. 3d at 531.  However, the trial court also has discretion to admit "evidence in rebuttal which might well have been brought" in the case-in-chief.  *United States v. Tejada*, 956 F.2d 1256, 1267 (2d Cir. 1992), *cert. denied*, 506

U.S. 841 (1992); *see also United States v. Morris*, 41 F. App'x 160, 167 (10th Cir. 2002) (unpublished opinion).

Because the disclosure requirements of Rule 16(b) apply to evidence intended to be used during a defendant's case-in-chief, true rebuttal evidence normally is not within the scope of the rule. However, to qualify under this exception, such contemplated defense evidence must be confined to matters in response to evidence presented during the government's rebuttal case.[3] Evidence that should have been presented in the case-in-chief, and was not disclosed, is at risk of exclusion.

In light of these considerations, Defendant's motion in limine – to the extent it seeks an advance ruling that Defendant does not have to disclose non-expert "rebuttal evidence" – must be denied; Defendant is bound by the clear obligations of Rule 16(b) regarding reciprocal disclosures.

Defendant's Motion also includes the disclosure of his intent to elicit certain testimony from William Holmes, who was Christopher Beckman's cell mate. Defendant states Mr. Holmes will testify that, shortly before the incident resulting in the charges which are the subject of this action, Mr. Beckman said he was going to fake a seizure. Defendant acknowledges that this testimony constitutes hearsay evidence; however, he argues that it should be admitted under one of several exceptions to the rule that hearsay evidence is inadmissible.

The Court concludes that a ruling on this issue must be reserved for the appropriate time at trial. Because the Court has not heard any evidence, it cannot determine at this time whether the proffered testimony would be admissible. Therefore, the Court will reserve its ruling on this matter.

---

[3] This assumes that the government presents rebuttal evidence, and the Court allows sur-rebuttal evidence.

Conclusion:

In accordance with the foregoing, Defendant Littlejohn's Motion [Doc. No. 88] is granted in part and denied in part; a ruling on the admissibility of William Holmes' testimony is reserved for trial.

IT IS SO ORDERED this  1st   day of December, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE